First case for argument please. 19-1427 from the District of North Dakota. Danircelvan Kaliannan et al. v. Ee Liang. Mr. Confusio? Thank you, your honor. Mr. Confusio for the appellant. I'd like to request three minutes of rebuttal, if I may. Sure, you'll have to keep track of that yourself, though. That's okay, judge. I know the court has read the briefs. I obviously rely on the briefs I submitted. There's really only, just to clarify, there's two issues, of course, in the case. There's only two issues now before the court because the court dismissed my last point. So we really have two issues, a personal jurisdiction issue and the propriety of summary judgment. On the personal jurisdiction issue, the things I would like to highlight are just, as far as the waiver goes, there's an argument of whether or not the matter was waived. I would just note a couple of things. One is the district judge did not find waiver. And under the law, under the government law, waiver generally, of course, is the intentional relinquishment of a known right. Nothing in the record I would suggest shows that here. Now, personal jurisdiction as a defense can be waived, of course, if you don't raise it in the initial pleading in the answer. But this was a pro se case. And I think under the governing law, pro se pleadings are held to a less stringent standard. If the court looks at the docket, we're all kind of somewhat handcuffed. But the defendant essentially filed pro se a series of letters with the court. None of them were really labeled as an answer. The district court docketed one as an answer. OK, but none of them were labeled as an answer. What I would say is that in the actual documents that the defendant filed pro se, there's enough in there where he raised both substantive and procedural or the strike off a civil case against him. That's in the appendix at 85. He raised facts that I that I would submit raised a personal jurisdiction type of a challenge, although in artfully, obviously, in a pro se manner. He said I didn't advertise. He talked about his investment group was entirely in Singapore. He talked about an overseas investment. He talked about that he finally in document 22 and 21 on the docket, he specifically cites finally rule 12B. So on the waiver issue, I would respectfully submit the court not find waiver as the district court did not find it below. The merits of the personal jurisdiction argument I've really laid out in the two briefs. And, you know, I would go back respectfully to the initial the Burger King case, which I think the language of Burger King, the Supreme Court's case for me. But, you know, it's very instructive. There's something particular that this court actually emphasized in a 1996 case is Burlington Industries case. It's language, I think, is important in this case. The court said this was this court echoing Burger King. It said where specific personal jurisdiction over non-resident is asserted due process is satisfied if the defendant has purposefully directed its activities at forum residence. And I think that language for residence is significant in a case like this. First of all, that language comes right out of Burger King. And this court has cited it numerous times. I said in one example, if you look at this, this concept of directing at a forum residence, that is absent in this case in terms of plaintiff to suit. OK, again, your honors, if you look at Burger King again, the language of Burger King, it talks about the concept of fair warning under the due process clause. Should I reasonably anticipate being held in the court? And in this case, in an international court, they said, well, the fair warning requirement again, this is Burger King. The fair warning requirement is satisfied if the defendant has purposely directed his activities. Again, it says at residence of the forum. I think that. Oops. I'm sorry, your honors. Sorry about that. That's OK. I get the wrong book. Again, that purposely directing at the residence of the forum is a very critical language that flows out of Burger King. And this court has cited before. And then Burger King also talks about in the litigation results from injuries that arise out of or relate to those activities. And that's really the essence of my personal jurisdiction argument, your honors, is because, again, this was a completely Singaporean group. It was all Singaporean citizens. It was their investment group in North Dakota. But as I said in my reply brief, if it was the reverse, if it was a North Dakota investment group with citizens of North Dakota that happened to invest somewhere in Singapore, would we really expect that lawsuit to be adjudicated in the Singaporean court? I don't think that we would. And I don't think that's consistent with our notion of due process. Again, if you look at the language of Burger King, which I think is very important, if you go back to that source, Burger King says, well, a state has a manifest interest in providing, again, it says its residents with a convenient forum for redressing injuries inflicted by out-of-state actors. And again, my case doesn't fit within that very concrete core requirement of due process. There is really no interest here because although a North Dakota alleged security was involved, that interest was really already adjudicated in the SEC litigation, in which my client wasn't even talked about or implicated. This dispute here really is about misrepresentations allegedly made by one Singaporean against others in his investment group in Singapore. And I would say this is a final factor. And I know the factors four and five under the test generally are not as significant as the first few factors. I understand that. But in some cases, they are significant. And I think what's significant in this case is if you look at the context of the case, this is the exact kind of case that the federal courts have said, you have to be careful not to create unfair advantages for a plaintiff over a defendant. The only connection the plaintiffs have to this case, and this has nothing to do with the merits of the allegations, which were adjudicated. But the plaintiffs had an attorney here. The defendant did not. The defendant lives in Singapore, which is not exactly across the street. He was materially disadvantaged in the case. And it's shown by the way that the rest of the case was adjudicated. His summary judgment motion was entirely adjudicated, as it seemed by the appellee's brief on request for adjudication. So when you look at the case, that's not really the best way for a United States court to adjudicate litigation, even civil litigation in our country. I think it has that kind of essence of unfairness. And although that's not a specific factor, I think that overall, when the Eighth Circuit looks at the case, I think that I would respectfully say that that is a significant factor in this But I would just say that my view of the governing law, it's not that the defendant is entitled necessarily to present evidence opposing summary judgment. If he's defaulted, he's defaulted. But I do think the district court is obligated to at least look at the proofs the plaintiff has submitted to ensure that they actually satisfy the elements of the claims that were presented. And as I as I detailed in my requirements of the elements of the claims the plaintiffs asserted, they were at least thrown into serious doubt by the very contracts that were attached to the affidavits, where he's not mentioned in any of the sale documents. He's not noted as a seller or as an agent or anything else. So again, I would say the court at least abuses discretion and not holding the essentially an evidentiary hearing to make the plaintiff prove its claim, even if you move beyond the personal jurisdiction issue. Unless the court has any further questions, I would submit there on the rest of my writings. Very well, hearing none. Thank you, Mr. Confucione. Thank you, Your Honors. We'll hear from Mr. Marty. Mr. Marty, you'll need to unmute your microphone, please. My apologies. Good afternoon, Your Honors. Brian Marty on behalf of the plaintiffs, Appalese. Council's correct in identifying the two issues before the court. First, whether the defendant is subject to personal jurisdiction in North Dakota in connection with his sale of fraudulent real estate and securities to the plaintiffs. And second, whether the district court correctly entered summary judgment based on deemed admissions under Rule 36 that established all the elements of the causes of action at issue. The district court was correct on both counts and should be affirmed. On personal jurisdiction, the North Dakota long arm statute is coextensive with federal due process requirements. And so the question for the court is whether the defendant had sufficient minimum contacts with North Dakota such that the exercise of jurisdiction over him is reasonable, specific personal jurisdiction. Under the factor test, the first three factors that are given significant weight are the nature and quality of the contacts, the number of contacts with one being sufficient under appropriate circumstances, and then the connection of those contacts with the claims at issue. And I believe that counsel oversimplifies what plaintiff's claims are in this case. They're not based exclusively on misstatements or omissions made by the defendant in Singapore to plaintiffs in Singapore, but they're related to defendant's actions as an agent on behalf of the securities issue or North Dakota Developments, which is a North Dakota LLC. He partnered with North Dakota Developments. They sold investments in modular housing units in the oil fields in North Dakota. But more fundamentally, these investments were real estate investments. They were made securities as well by virtue of coupling the sale of those modular housing units with a management agreement. But fundamentally, it was a sale of real estate. We don't have a case where a product entered the stream of commerce in North Dakota and made its way to Singapore. At all times, the subject of this action is real estate in North Dakota that at all times stayed in North Dakota. Counsel, I'm going to interrupt you. Feel free to think where you are in the factors and that kind of thing. But am I correct that there was never anything like a motion for forum nonconvenience here? That was not raised in the district court, your honor. At any time by anybody, right? In the district court, correct. It came up for the first time on appeal. At any time by anybody in the district court, thank you. And then second of all, there wasn't any talk of comedy, international comedy, C-U-M-I-T-Y. There wasn't any motion or any concept like that advanced in the district court at all, right? That's correct. That also came up for the first time on appeal. Okay, proceed. Thank you. Getting back to the factors, the defendant acted as an agent for North Dakota Developments, again a North Dakota company. And that's evidenced plainly by his receipt of commissions for his sale of these investment products to the investors. Transaction based compensation. He recruited investors to invest in these companies or in this company. He organized investment seminars. He assisted with the exchange of paperwork and investment monies from Singapore to North Dakota entities. And he traveled to North Dakota in connection with conducting due diligence on this product. And he knew investors were relying on his findings there where he investigated the hospitality industry, viewed the oil drilling activities, etc. These are extensive, deliberate contacts that he has with the state of North Dakota. They're directly related to his sale of these investments. They're not random attenuated in the established jurisdiction in North Dakota. Counsel raises the last two factors, which are of lesser significance. But those weigh in plaintiff's favor as well on the jurisdiction question. Certainly, North Dakota has an interest in having its securities laws applied uniformly and predictably. Again, this was a securities offering that emanated out of North Dakota. And North Dakota's policy or its interest is really embodied in its securities laws. In North Dakota Century Code 10-04-17, there's provided for liability for both the primary violator of the securities laws, the issuer, as well as any other persons who have participated or aided in the sale of securities without any sort of geographical limitation on those persons. Regarding convenience of the parties, I'll just say that it was certainly convenient enough for the defendant to travel to North Dakota when he was making money on this venture. He made more than $400,000 in commissions. And so it shouldn't be inconvenient for him to litigate this matter in North Dakota when it comes to litigating his involvement. Well, don't you compare convenience to the parties, counsel? Sure. In terms of convenience to the parties, it's not convenient to the parties, right? I mean, that's an easy call. It's inconvenient to the parties, but it's inconvenient equally, I suppose we would say. And on those bases, the district court correctly found that the defendant's subject to personal jurisdiction in North Dakota. It was evident in the district court's order, and I think it's evident generally that it's not a particularly close call, and the district court should be affirmed on that point. Moving to summary judgment. Well, let me back up and address the waiver issue that counsel noted. Counsel's correct that the district court did not find waiver. It didn't have to because it found personal jurisdiction existed independent of any waiver. But the defendant did file an answer prior to ever raising the jurisdiction issue in the district court, and under Rule 12 waived any right to contest that matter by filing an answer. So moving to the issue of summary judgment, a little bit of procedural history is probably helpful for the benefit of context. Marty, can I just one question? Did he actually file an answer, or did he just file a document that the district court kind of labeled as an answer? Well, and that's a good question. It was not the answer that lawyers are used to seeing, the paragraph-by-paragraph admission or denial. But under Rule 8, it substantively was an answer. It was an admission or denial of the allegations in the plaintiff's complaint, and it didn't raise personal jurisdiction. On summary judgment, again, he filed an answer. He filed three motions to dismiss in fairly quick succession. And he participated in a status conference with the district court. But then in October of 2017, ostensibly on the advice of counsel in Singapore, he notified the court that he no longer intended to participate in the case. And he wasn't heard from again until after the court entered judgment against him more than 14 months later. He never served his Rule 26 disclosures. He never responded to discovery requests. And among those discovery requests were requests for admission. Plaintiffs filed a motion to compel responses to that discovery. The court held a hearing that plaintiff failed to attend. The court entered an order compelling discovery and expressly warning him that sanctions were on the table. And so ultimately, plaintiffs filed a motion for summary judgment in light of the deemed admissions under Rule 36. And the court considered those matters admitted and entered summary judgment accordingly. Those admitted matters established all the elements of plaintiff's claims in this matter. That motion or the court's finding regarding the deemed admissions, which is incorporated in its summary judgment order, that order was never contested. And so those admissions is not an issue here at this point. On the elements of plaintiff's claims that were established by virtue of those deemed admissions, it's established that the defendant was not a registered securities agent in violation of North Dakota law. It established that he sold unregistered and non-exempt securities in violation of North Dakota law. And I'll note for the court that those two claims do not require any sort of misrepresentations or omissions on the part of the defendant. He was deemed to have made, he was additionally deemed to have made misstatements and omissions of material fact in violation of the 33 Act Section 1282. And he was deemed to have breached a standard of care that he owed to the plaintiffs under North Dakota common law. So those admissions, which satisfied the elements of plaintiff's claims in this matter, properly formed the foundation for the court, the district court summary judgment order, and the district court should be affirmed on that matter as well. And I'll just note what defendant is attempting to do here is deliberately withdraw from participating in the case, failing to participate, failing to respond to discovery, failing to oppose the summary judgment motion, and then after judgment is entered against him, come before this court and essentially ask for a complete do-over. This court should decline that invitation. Counsel, the other side cited one or two cases, and one was interstate power, 1993 decision. I don't think you replied to it. I just checked. You didn't, did you, in the red brief? No, I didn't see it. Yeah, I didn't see it in your table of contents. Do you want to reply to interstate power? It acts like in the summary judgment the district court is supposed to do more than just determine that it's unopposed. Well, and your honor is correct. The failure to oppose a summary judgment motion is generally not grounds to grant the motion without a little bit of inquiry. But there certainly is an indication that the court, the district court, did conduct an inquiry. It reviewed the admissions. It incorporated its review, although briefly, in its order granting summary judgment, and found that based on those admissions, plaintiffs had established every element of their claims. So this was not a case... In interstate power, did the admissions leave out the standard of care, duty of care, or something? Are you familiar with the facts of the case? At a very high level, your honor. Not to worry. And unless the court has other questions for me, I believe my presentation is done. Thank you. Hearing none, very well. Mr. Confusione, I think you have some rebuttal time if there are things you'd like to respond to. Oh, very, very briefly, your honors. With regard to the form of non-convenience, I think the court is right, again, that the pro se defendant did not specifically argue form of non-convenience. But I would note that in the addendum at page 9, which is the district court's decision on the personal jurisdiction, the court raised the issue of venue, noting that he had made some arguments about venue, which I understand are not identical to a form of non-convenience, but raised some of the similar concerns. The other thing I would say is I think the Burger King case, again, if you look at Burger King, incorporates, even within the concept of due process, incorporates some of the same principles about whether or not it's fair to bring the defendant into that particular jurisdiction. As far as traveling to the forum, the North Dakota, I think it's important that, you know, again, looking at the amended complaint complaint file, this is at the appendix at 74, he traveled to the forum once. You know, this was not somebody who traveled to it, as far as that complaint shows. He didn't travel there more than one time. One time. So, you know, that's what the record shows. As far as the summary judgment goes, the only thing I would note is, again, and I've talked about this in the brief, the decision the judge made is in the appendix 12 to 13, the addendum, rather. I mean, it's just a brief order. The judge did not analyze even the plaintiff's own proofs that were submitted on summary judgment. And again, for example, my adversary talked about that he sold securities. But if you look even at the plaintiff's own documents, the contracts, they don't say anything. He's not even identified in any of these sale documents. And again, at least we submit that should have warranted a more fuller evidentiary type hearing where the plaintiff should have come forward with its proofs and the court should have evaluated those issues. And unless the court has further questions, I would rest on that. I don't hear any, so cases will be submitted. We appreciate both of your appearance and arguments today and briefing. And we'll issue an opinion in due course. Thank you very much, Your Honors. Thank you, Your Honors.